1  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
2  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
3  Sacramento, California 95814
   Telephone:    (916) 443-6911
4  Facsimile:    (916) 447-8336
   E-Mail:       mark@markmerin.com
5                paul@markmerin.com
6
7  Attorneys for Plaintiff
   ANTHONY CRAVOTTA II
8
9              UNITED STATES DISTRICT COURT
10            EASTERN DISTRICT OF CALIFORNIA
11                  SACRAMENTO DIVISION

| | |
|---|---|
| 12 ANTHONY CRAVOTTA II, | Case No. |
| 13         Plaintiff, | **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** |
| 14 vs. | |
| 15 COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20, | **DEMAND FOR JURY TRIAL** |
| 16 | |
| 17         Defendants. | |

## INTRODUCTION

ANTHONY CRAVOTTA II, a vulnerable and mentally-ill inmate held at the Sacramento County Main Jail and awaiting transfer to a state hospital, was misclassified and assigned by the COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and Sheriff SCOTT JONES's personnel to reside in the jail's general population, where he was attacked by his cellmate, LEMAR BURLESON, sustained catastrophic brain injuries, and currently remains on life-support.

## JURISDICTION & VENUE

1.  This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

1

1    2.    Venue is proper in the United State District Court for the Eastern District of California

2    pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and

3    because many of the acts and/or omissions described herein occurred in the Eastern District of California.

4    3.    Intradistrict venue is proper in the Sacramento Division of the Eastern District of

5    California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or

6    omissions which occurred in the County of Sacramento, California.

7                                            **EXHAUSTION**

8    4.    On October 6, 2021, ANTHONY CRAVOTTA II submitted a government claim to the

9    COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT regarding

10   the claims asserted herein. (County Claim No. L2101186; George Hills Co. File No. 88798-35.) On

11   December 23, 2021, the COUNTY OF SACRAMENTO mailed a "Notice of Rejection of Claim." *See*

12   Cal. Gov. Code § 913(b).

13                                              **PARTIES**

14   5.    Plaintiff ANTHONY CRAVOTTA II is a resident of the State of California, County of

15   Sacramento. Plaintiff ANTHONY CRAVOTTA II is an incapacitated person due to severe brain injuries

16   sustained on or about September 26, 2021.

17   6.    Defendant COUNTY OF SACRAMENTO is a "public entity" within the definition of

18   Cal. Gov. Code § 811.2.

19   7.    Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity"

20   within the definition of Cal. Gov. Code § 811.2.

21   8.    Defendant SCOTT JONES is and was, at all times material herein, a law enforcement

22   officer and the Sheriff for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY

23   SHERIFF'S DEPARTMENT, acting within the scope of that employment. Defendant SCOTT JONES is

24   sued in his individual capacity.

25   9.    Defendants DOE 1 to 20 are and/or were agents, contractors, or employees of Defendants

26   COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and/or

27   SCOTT JONES, and acted within the scope of that agency or employment and under color of state law.

28   Defendants DOE 1 to 20 are sued by fictitious names, where their true and correct identities and names

1  will be substituted when ascertained.

2  **GENERAL ALLEGATIONS**

3      10.     At all times relevant herein, all wrongful acts described were performed under color of

4  state law and/or in concert with or on behalf of those acting under the color of state law.

5  **The Mental Health History of Anthony Cravotta II**

6      11.     Plaintiff ANTHONY CRAVOTTA II is a 45-year-old man.

7      12.     Plaintiff ANTHONY CRAVOTTA II was diagnosed with mental-illness more than 20

8  years ago, including depression and bi-polar disorders. Plaintiff ANTHONY CRAVOTTA II has been

9  on-and-off of medications and in-and-out of mental health facilities for the majority of his life. Plaintiff

10  ANTHONY CRAVOTTA II has been committed for mental health holds under Cal. Wel. & Inst. Code §

11  5150 on several occasions.

12      13.     Plaintiff ANTHONY CRAVOTTA II's mental health issues substantially limit major life

13  activities, including his ability to care for himself, concentrate, think, and communicate. For example,

14  Plaintiff ANTHONY CRAVOTTA II's mental health issues cause him easily to become confused,

15  defensive, agitated, and frustrated; to exhibit stress, fear, anxiety, and paranoia; to experience difficulty

16  processing information or stimulus; and to have difficulty verbalizing thoughts, feelings, and emotions.

17  **The Security Classification Process of the Sacramento County Main Jail**

18      14.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

19  DEPARTMENT's jail staff classify inmates as either "Low," "Medium," or "High" security, based on

20  information elicited or obtained during an inmate's classification interview, including: (1) whether the

21  inmate's charges are current; (2) whether the inmate's current charge is assaultive; (3) whether the

22  inmate has prior assaultive felony convictions; (4) whether the inmate has attempted escape; (5) whether

23  the inmate has prior disciplinary actions; (6) whether the inmate has gang affiliation; and (7) whether the

24  inmate has a felony hold or felony charge in abeyance.

25      15.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

26  DEPARTMENT's jail staff utilize the Northpointe classification which consists of a decision-tree

27  program into which an inmate's information is input and an inmate's classification is output.

28      16.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

3

DEPARTMENT's security classifications are so broad that nearly every inmate is classified and assigned to the jail's general population, where there is more room available to house inmates.

17.     For example, Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's jail staff are discouraged from classifying and assigning mentally-ill inmates to specialized housing with limited space, such as total separation ("T-Sep") or jail psychiatric services ("JPS"), unless jail staff concludes that an inmate exhibits "extreme psychiatric or behavioral issues" necessitating such a placement.

18.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's jail staff frequently conduct "re-classification" of inmates, especially when an inmate is initially classified as higher security, in order to obtain lower security classifications for inmates.

19.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's jail staff assign inmates to classification-compatible jail floors and cells wherever the jail has the most room, at any given time.

20.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's jail staff do not consider inmates' charges when assigning cells and cellmates.

**The Arrest, Classification, and Re-Classification of Anthony Cravotta II**

21.     On November 11, 2020, Plaintiff ANTHONY CRAVOTTA II was arrested and charged with a felony violation of Cal. Pen. Code § 311.11(a), possession or control of obscene matter depicting a person under 18. (X-Ref. 4886392; Sacramento County Superior Court Case No. 20FE018161.)

22.     Plaintiff ANTHONY CRAVOTTA II was booked into the Sacramento County Main Jail.

23.     Plaintiff ANTHONY CRAVOTTA II was subject to a classification interview conducted by jail staff, Defendants DOE 1 to 10, upon booking into the jail.

24.     Defendants DOE 1 to 10 knew Plaintiff ANTHONY CRAVOTTA II to be a disabled person who struggled with mental health issues, based on his mental health history and behavior.

25.     Plaintiff ANTHONY CRAVOTTA II's mental-illness and current criminal charges made him a vulnerable inmate at the jail.

26.     Defendants DOE 1 to 10 classified Plaintiff ANTHONY CRAVOTTA II for housing in the JPS unit.

27.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's JPS unit provides services to mentally-ill inmates, including continuous live monitoring inside of cells, single-cell assignments, and more frequent safety cell checks.

28.     Plaintiff ANTHONY CRAVOTTA II resided in the JPS unit for approximately two weeks.

29.     Thereafter, Plaintiff ANTHONY CRAVOTTA II was subject to "re-classification."

30.     Defendants DOE 1 to 10 re-classified Plaintiff ANTHONY CRAVOTTA II and assigned him to the jail's general population.

31.     Defendants DOE 1 to 10's re-classification of Plaintiff ANTHONY CRAVOTTA II was inappropriate and dangerous, where Plaintiff ANTHONY CRAVOTTA II mental health issues and criminal charges heightened the risk to his safety.

**The Incompetence Finding and Pending Transfer to a State Hospital**

32.     On February 22, 2021, the Sacramento County Superior Court found Plaintiff ANTHONY CRAVOTTA II incompetent to stand trial for the charges brought against him.

33.     On April 5, 2021, the Sacramento County Superior Court committed Plaintiff ANTHONY CRAVOTTA II to a state hospital, based on his incompetence to stand trial.

34.     Plaintiff ANTHONY CRAVOTTA II remained classified and assigned to housing in the jail's general population, including after being found incompetent to standard trial and while awaiting transfer to a state hospital.

**The Cell Assignment and Attack of Anthony Cravotta II by Lemar Burleson**

35.     On or about September 24, 2021, Defendants DOE 1 to 10 re-assigned Plaintiff ANTHONY CRAVOTTA II to share a cell with LEMAR BURLESON, in the jail's general population.

36.     Defendants DOE 1 to 10 knew that LEMAR BURLESON (X-ref. 2772546) suffered from mental-illness and was frequently subject to charges and convictions, including for robbery (Sacramento County Superior Court Case No. 10F03676).

37.     On or about September 26, 2021, Plaintiff ANTHONY CRAVOTTA II was attacked by LEMAR BURLESON inside of their cell.

38.     Plaintiff ANTHONY CRAVOTTA II sustained catastrophic injuries as a result of

LEMAR BURLESON's beating.

39.     On information and belief: Defendants DOE 1 to 10 knew or should have known that Plaintiff ANTHONY CRAVOTTA II was being attacked but delayed or failed timely to response to the cell and to prevent or stop LEMAR BURLESON's attack on Plaintiff ANTHONY CRAVOTTA II.

40.     LEMAR BURLESON used the emergency button intercom inside of the cell to call jail staff and alert them that he had attacked and injured his cellmate, Plaintiff ANTHONY CRAVOTTA II.

41.     Defendants DOE 1 to 10 did not respond to the cell until after reeving LEMAR BURLESON's call stating that the attack has occurred.

42.     Plaintiff ANTHONY CRAVOTTA II was transported to the hospital where he was placed into a medically-induced coma.

43.     Plaintiff ANTHONY CRAVOTTA II sustained catastrophic injuries, including permanent injuries to his brain from which there is no prognosis that he will recover.

44.     On October 1, 2021, LEMAR BURLESON was charged with the attempted murder of Plaintiff ANTHONY CRAVOTTA II. (Sacramento County Superior Court Case No. 21FE016732).

45.     On October 14, 2021, Plaintiff ANTHONY CRAVOTTA II was granted compassionate release from custody.

46.     Plaintiff ANTHONY CRAVOTTA II remains hospitalized on continuous life-support, which he is expected to require for the remainder of his life.

## POLICY AND CUSTOM ALLEGATIONS

47.     Defendant SCOTT JONES, acting as Sheriff, is and was a final policy-making authority for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, including as it relates to the maintenance and operation of jail and detention facilities, such as the Sacramento County Jail; training, supervision, and discipline of law enforcement officers acting under his command; and the safekeeping of inmates/prisoners in his custody. *See* Cal. Const., art. XI, § 1(b); Cal. Pen. Code § 4000; Cal. Pen. Code § 4006; Cal. Gov. Code § 26605; Cal. Gov. Code § 26610. Defendant SCOTT JONES has served as Sheriff since December 2010.

48.     Defendants DOE 11 to 20 are/were policy-making authorities for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, based on a

delegation of authority, including as it relates to the maintenance and operation of jail and detention facilities, such as the Sacramento County Jail; training, supervision, and discipline of law enforcement officers acting under their command; and the safekeeping of inmates/prisoners in custody.

49.   <u>Security Classification and Housing</u>: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20 maintain a policy or custom whereby jail staff classifies and assigns housing and cellmates to inmates based on a series of questions that do not adequately assess the dangerous or vulnerable nature of an inmate. Specifically, the policy or custom resulted in the assignment and housing of Plaintiff ANTHONY CRAVOTTA II, a vulnerable mentally-ill man, in general population with LEMAR BURLESON, a dangerous inmate. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20 were aware that mentally-ill and vulnerable inmates were inappropriately classified and assigned to the general population; that numerous of the inmates housed at the jail were dangerous; and that the jail had insufficient monitoring capabilities, including lack of video and audio observation of inmates in general population.

50.   <u>Mental Health</u>: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20 maintain a policy or custom whereby their personnel, including Defendants DOE 1 to 10, fail to provide necessary medical treatment to inmates housed at Sacramento County Jail facilities; and/or fail to transfer inmates housed at Sacramento County Jail facilities to medical and psychiatric facilities where necessary treatment is available, where it is not available in Sacramento County Jail facilities. Specifically, inadequate training and supervision of staff at Sacramento County Jail facilities results in the following deficiencies:

a.   Failure to provide inmates with access to medical care;

b.   Failure to create and implement appropriate mental health treatment plans;

c.   Failure appropriately to assign inmates suffering from mental-illness;

d.   Failure to follow clinical judgments and recommendations;

e.   Failure promptly to evaluate and transfer inmates to a psychiatric hospital who are gravely disabled or at risk of serious harm;

f.   Failure to implement appropriate emergency treatment policies; and/or

7

g.      Failure appropriately to staff and train personnel at Sacramento County Jail facilities to provide minimally-adequate treatment for inmates suffering from mental-illness.

51.     <u>National Standards</u>: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20's policies and customs fail to comply with the standards set forth by the National Commission on Correctional Health Care ("NCCHC").

52.     <u>Inmate Charges</u>: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20 maintain a policy or custom whereby their personnel, including Defendants DOE 1 to 10, fail to consider, analyze, or assess whether an inmate's particular charges make him or her vulnerable to assault by other inmates, such that specialized classification or housing is necessary, such as total-separation ("T-Sep") or single-cell assignments.

53.     <u>Inmate-on-Inmate Violence Incidents</u>: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20's deficient policies and customs are demonstrated by several incidents where vulnerable inmates have been severely injured or killed in custody, in addition to Plaintiff ANTHONY CRAVOTTA II, including:

a.      The several incidents documented by the <u>Sacramento Bee</u>, *Inmates beaten to death inside the Sacramento County Jail*, <https://www.sacbee.com/news/local/article243428926.html> (June 10, 2020).

b.      On December 31, 2019, inmate Richard Martin was attacked and killed by a fellow inmate.

c.      On December 9, 2019, inmate Antonio Thomas was beaten into a coma by cellmate Joshua Vaden, and later died from "complications of anoxic encephalopathy associated with assault." Antonio Thomas and Joshua Vaden had extensive mental health histories known to jail staff, and complaints reflecting difficulties with cellmates based on prior incarceration at the jail. Antonio Thomas was held on a probation violation, and Joshua Vaden was held on charges of murder. Antonio Thomas and Joshua Vaden where housed together in the jail's general population. Joshua Vaden submitted a grievance that he did not want to be housed with Antonio Thomas which was ignored by jail staff. Joshua Vaden attacked Antonio Thomas, who repeatedly activated the emergency button in his cell

8

during the attack. Jail staff called the cell in response to the emergency button's activation but, when no response was received, ignored the emergency button's activation. Later, jail staff received notice from an inmate that there was a "man down" in the cell. Jail staff responded to the cell and found Antonio Thomas unconscious, more than 10 minutes after the activation of the emergency button inside of the cell. The jail "supervisor's overview" of the classification and housing of Antonio Thomas and Joshua Vaden found no deficiencies or policy violations by jail staff. A civil rights lawsuit was filed and remains pending. (*Estate of Thomas v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:20-cv-00903-KJM-DB.)

       d.     On July 8, 2019, inmate Bryan Debbs was beaten and stabbed over the course of nearly a half-hour by cellmate Christian Ento, and later died from his injuries. Jail staff failed to notice the assault occurring, despite the presence of in-cell video monitoring and the performs of safety cell checks. Bryan Debbs and Christian Ento had extensive mental health histories known to jail staff. A civil rights lawsuit was filed and partially settled for $600,000. (*Estate of Debbs v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:20-cv-01153-TLN-DB.)

       e.     On April 13, 2019, inmate Simmie McDade was attacked and killed by his cellmate.

       f.     On June 16, 2017, Clifton Harris, a gay inmate, was beaten into a coma by his cellmate and later died from his injuries. Clifton Harris requested but did not receive accommodation from jail staff prior to the assault. Sacramento News & Review, *'What happened to our brother?'*, <https://www.newsreview.com/sacramento/content/what-happened-to-our-brother/26996966/> (Aug. 30, 2018).

       g.     On January 16, 2015, inmate Choi Saeteurn was attacked and smothered with a blanket by cellmate Khot Panyanouvong. Choi Saeteurn's body was discovered by jail staff at approximately 5:38 a.m. but jail medical staff did not arrive and attempt resuscitation efforts until approximately 5:52 a.m. Choi Saeteurn died from blunt force injuries and asphyxia. *See* <https://www.sacda.org/wp-content/uploads/2019/12/In_Custody_Death_Review_-_Saeteurn_Choi.pdf>.

       h.     December 14, 2014, inmate Edward Larson was attacked by his cellmate and later

9

died of blunt force injuries. Edward Larson was heard by other nearby inmates to be pleading, "Stop hitting me" or "Quit hitting me." Jail staff failed to respond during the assault on Edward Larson. Edward Larson's body was discovered on the ground by jail staff at approximately 3:10 a.m. Jail staff returned to the cell with medical personnel "a couple minutes" after 3:22 a.m. On December 13, 2014, the day before the deadly assault, jail staff noticed red bruises on Edward Larson's head but did not report the injuries. *See* <https://www.sacda.org/wp-content/uploads/2019/12/In_Custody_Death_Review_-_Larson_Edward-1.pdf>.

        i.     On September 13, 2013, inmate Delarin Butler was attacked by cellmate Andre Prajean and severely injured. Delarin Butler repeatedly warned jail staff that he had been threatened with harm by his cellmate, prior to the assault. Jail staff ignored the threats. Jail staff also ignored Delarin Butler's need for medical attention, for an extended period after the assault occurred. A civil rights lawsuit was filed and settled for $2,000,000. (*Butler v. County of Sacramento*, Superior Court of California, County of Sacramento, Case No. 34-2014-00168482-CU-PO-GDS.)

        j.     On March 22, 2012, protective custody inmate Carlos Aguirre was attacked by a general population inmate when jail staff forced him to travel through a stairwell with general population access. Jail staff knew that general population inmates had access to vulnerable protective custody inmates in the area. Carlos Aguirre was not provided with adequate medical attention following the assault. A civil rights lawsuit was filed and settled. (*Aguirre v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:12-cv-02165-TLN-KJN.)

        54.     <u>Supervision of Inmates</u>: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20's deficient policies and customs are demonstrated by jail staff's lax supervision of inmates and failure to provide necessary medical treatment, including in several incidents where inmates were able to attempt to and actually commit suicide, for example:

        a.     On March 8, 2017, inmate Tom Korrell was able to hang himself using a hand-made ligature fashioned from pieces of a ripped t-shirt. Tom Korrell began strangling himself at approximately 12:35 a.m. Tom Korrell was not discovered by jail staff until nearly an hour later, when an inmate alerted staff at 1:20 a.m. (*See* <https://www.sacda.org/wp-

content/uploads/2019/12/In_Custody_Death_Review_-_Korrell_Tom.pdf>.)

       b.     On January 6, 2017, inmate Jonathan Carroll was able to hang himself using a hand-made ligature fashioned from pieces of string and ripped clothing. Jonathan Carroll's body was discovered by jail staff at approximately 4:18 a.m. It is unknown for how long Jonathan Carroll had been dead before being discovered, or when jail staff last checked Jonathan Carroll before he was discovered dead. (*See* <https://www.sacda.org/wp-content/uploads/2019/12/In_Custody_Death_Review_-_Carroll_Jonathan.pdf>.)

       c.     On November 2, 2016, inmate Brian Guerin was able to hang himself using a hand-made ligature fashioned from pieces of torn blanket. Brian Guerin's body was discovered by jail staff at approximately 3:28 a.m. It is unknown for how long Brian Guerin had been dead before being discovered, where jail staff last checked his cell at approximately 2:20 a.m. (*See* <https://www.sacda.org/wp-content/uploads/2019/12/In_Custody_Death_Review_-_Guerin_Brian.pdf>.)

       d.     On August 1, 2015, inmate Joshua Gonder was able to hang himself using a hand-made ligature fashioned from pieces of a torn t-shirt. Joshua Gonder was discovered at approximately 7:07 p.m. Joshua Gonder had covered the surveillance camera in his cell with wet toilet paper prior to hanging himself. (*See* <https://www.sacda.org/wp-content/uploads/2019/12/In_Custody_Death_Review_-_Gonder_Joshua.pdf>.)

    55.    <u>Monitoring of Inmates</u>: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20's deficient policies and customs are evidenced by inadequate monitoring of inmates, including:

       a.     The sworn testimony of inmate Faron Mello, describing inadequate monitoring at the Sacramento County Main Jail: "[T]he main jail, it's bad. It's really like, you could die in the county jail over the simplest things and there's really no -- they're not coming to help you. . . But if you're trapped in that cell and you have any type of medical or emergency, it's going to take them a while. . . [I]t's a delay in [response to incidents occurring inside of cells] because you have to press the button. They're not just going to come in there. . . There's a delayed response every time anything happens inside that cell, it's going to take you a while to respond. So if you fall in that cell, it's going to be bad. You're probably going to die in that cell. If you're in that cell with somebody that really wants to get to

1   you, they're going to be able to have their way into you before. It takes hours for the next deputy to walk.

2   So without that time -- depends on what time the clock is, you'll be in that cell waiting for that next floor

3   check, which is an hour."

4           b.      The sworn testimony of Deputy Hermelindo Rubio, describing the intercom

5   system present inside of cells and used for monitoring inmates at the Sacramento County Main Jail: The

6   conversations of inmates inside of cells can be heard "[o]nly if they're talking loud enough. If they're

7   talking quiet, you can't hear it."

8           56.     <u>Delayed Investigations of In-Custody Incidents</u>: Defendants COUNTY OF

9   SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE

10  11 to 20's deficient policies and customs are demonstrated by unreasonable delays in investigating the

11  circumstances of in-custody injuries and deaths, including personnel's potential misconduct and policy

12  violations, which effectively negates any determination of culpability where, even if culpability were to

13  be found months or years after an incident occurred, effective corrective action cannot be taken. For

14  example:

15          a.      The investigation of inmate Richard Martin's death caused by a fellow inmate

16  occurring on December 31, 2019, is currently unresolved and remains "ongoing."

17          b.      The investigation of inmate Joshua Vaden's assault on inmate Antonio Thomas

18  occurring on December 9, 2019, and his subsequent death, is currently unresolved and remains

19  "ongoing."

20          c.      The investigation of inmate Christian Ento's assault on inmate Bryan Debbs

21  occurring on July 8, 2019, and his subsequent death, is currently unresolved and remains "ongoing."

22          d.      The investigation of inmate Simmie McDade's death caused by a fellow inmate

23  occurring on April 13, 2019, is currently unresolved and remains "ongoing."

24          57.     <u>Records Destruction Policies/Failure to Retain Records</u>: Defendants COUNTY OF

25  SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE

26  11 to 20 maintain an official written policy, also known as a "General Order," concerning "Destruction

27  of Records" and "Complaints and Disciplinary Policies and Procedures." The record-destruction policy

28  expressly provides: "Records of complaints, investigations and dispositions shall be retained by Internal

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Cravotta v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

Affairs for a period of at least five and one half years." Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20 actively employ the record-destruction policies to destroy records as soon as permitted by policy, including records documenting inmate deaths and internal affairs records. For example, as of January 2022, Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20 have not retained records concerning in-custody deaths at jail facilities older than 2017. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20's destruction of records and failure to retain records obfuscates histories of indifference and misconduct, especially when combined with delays in investigating alleged misconduct and in-custody death incidents.

58.   Failure to Report Deaths: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20 sometimes fail to report the deaths of persons who sustain critical injuries while in-custody at jail facilities but later die outside of jail facilities. For example, on June 16, 2017, inmate Clifton Harris was beaten into a coma by his cellmate in the jail. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT "released" custody of Clifton Harris, before he died eight months later when he was removed from life-support. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20 did not report the death. *See* Sacramento News & Review, *The Dungeon Master* (Sep. 22, 2020), available at: <https://sacramento.newsreview.com/2020/09/22/the-dungeon-master/>; *see also* Sacramento Bee, *Sacramento CA sheriff won't tell public about jail deaths* (Aug. 17, 2021), available at: <https://www.sacbee.com/news/local/article253422244.html>.

59.   *Mays* Consent Decree: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20's deficient policies and customs are demonstrated by the matter of *Mays v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:18-cv-02081-TLN-KJN. Therein, the plaintiffs alleged numerous "dangerous, inhumane and degrading conditions" at jail facilities operated by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT. Defendant COUNTY OF SACRAMENTO settled the case in June 2019, agreeing to millions of dollars'-worth of changes to

13

jail staffing, facilities, inmate health services, and custodial practices, including the creation and enforcement of polices and trainings that ensure compliance with Americans with Disabilities Act ("ADA") requirements, and improving the delivery of medical care through timely referrals, responses to requests for care and medication disbursement, chronic care treatment plans, appropriate clinic space, and staff training. (*See* <https://www.sacbee.com/news/local/article231792088.html>.) Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's jail facilities are subject to quarterly monitoring reports prepared by court-appointed experts, pursuant to the terms of a Consent Decree. (*Mays* ECF No. 149.) Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT have failed to achieve compliance with the terms of the Consent Decree. For example:

a.      On October 3, 2021, the medical monitoring expert's report found: 12% "Substantial Compliance"; 25% "Partial Compliance"; and 49% "Noncompliance." (*Mays* ECF No. 149-1.)

b.      On October 3, 2021, the mental health monitoring expert's report found, for example, that the County was "non-compliant" with conditions requiring that the jail "provide a sufficient number of beds in Designated Mental Health Unit" and that "bed planning has not been initiated" and "[t]here continues to be waitlists"; and that the jails' mental health "referral system is effectively broken…" and "non-compliant." (*Mays* ECF No. 149-2.)

60.      <u>Media Reports</u>: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20's deficient policies and customs are evidenced by numerous accounts of unlawful and constitutional conditions at jail facilities, including:

a.      <u>Sacramento Bee</u>, *Sacramento Main Jail Allows Inmates to Suffer During COVID* (Nov. 9, 2021), available at: <https://www.sacbee.com/opinion/op-ed/article255652546.html> ("Sacramento is on track to have the deadliest jail per capita in California.").

b.      <u>Sacramento News & Review</u>, *The Dungeon Master* (Sep. 22, 2020), available at: <https://sacramento.newsreview.com/2020/09/22/the-dungeon-master/> ("Sacramento County had the third most jail deaths in the state last year," despite "Sacramento County ha[ving] a smaller population than [] seven [other] counties"; Defendant SCOTT JONES has "lost more than 40 people in his jails over

14

the past decade, according to state justice data and news accounts…").

         c.      <u>Sacramento Bee</u>, *Inmates beaten to death inside the Sacramento County Jail*, <https://www.sacbee.com/news/local/article243428926.html> (June 10, 2020).

         d.      *Marshall v. Superior Court*, No. S263043, 2020 Cal. LEXIS 4730, at *10 (Cal. July 15, 2020) (Liu, J., dissenting) ("Based on the allegations contained in the 54 inmate declarations before us, petitioners have made a prima facie case that the Sacramento County Sheriff is acting with deliberate indifference to the health and safety of the inmates in violation of the Eighth Amendment to the federal Constitution. The declarations paint a grim picture of the inmates' conditions of confinement." (internal citations omitted).)

         e.      <u>Sacramento Bee</u>, *Questions Persist Over Jail Health Care* (Dec. 18, 2005), available at <http://www.parentadvocates.org/nicecontent/dsp_printable.cfm?articleID=6557> (describing numerous incidents of jail staff's failure to provide inmates with necessary medical care).

    61.    <u>Settlements</u>: Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20's deficient policies and customs are demonstrated by numerous and significant settlements in actions where indifference to inmates' needs for necessary medical treatment were alleged, including:

         a.      Mark Scott died from untreated vomiting which resulted from unchecked bleeding caused by esophageal tears. Mark Scott's estate alleged that he was sick and vomiting, coughing and spitting-up blood, from the morning of January 6, 2012, until his death later that evening. Jail staff refused to provide medical attention after he made several requests. A civil rights lawsuit was filed and settled for $515,000. (*Estate of Scott v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:13-cv-00024-GEB-KJN.)

         b.      Nandi Cain Jr. alleged that he was beaten by a police officer and transported to the Sacramento County Main Jail. Nandi Cain Jr. was visibly injured. Jail staff did provide necessary medical care and placed him in an isolation cell where he was subsequently attacked by multiple jail staff members. A civil rights lawsuit was filed and settled. (*Cain v. County of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-00848-JAM-DB.)

         c.      Mayco Rodrique alleged that jail staff intentionally broken his arm during intake,

15

1   placed him in a "sobering" cell, denied medical attention, and pointed and laughed as he writhed in pain.

2   Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT "Exonerated" the deputy of alleged

3   misconduct. (2017PSB-814.) A civil rights lawsuit was filed and settled for $97,500. (*Rodrique v. County*

4   *of Sacramento*, U.S. District Court, Eastern District of California, Case No. 2:17-cv-02698-WBS-EFB.)

5         d.      James Mayfield alleged that he was diagnosed with serious mental illness,

6   identified by jail staff as a suicide risk, and denied necessary mental health care. James Mayfield was

7   beaten by jail staff and attempted to commit suicide, causing a significant spinal injury that left him

8   paralyzed and cognitively impaired. A civil rights lawsuit was filed and settled for $2,500,000. (*Mayfield*

9   *v. Orozco*, U.S. District Court, Eastern District of California, Case No. 2:13-cv-02499-JAM-AC.)

10      62.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

11   DEPARTMENT, SCOTT JONES, and DOE 11 to 20 did not meaningfully discipline, re-train, or

12   otherwise penalize any of the law enforcement officers under their command involved in the incidents

13   described, including the numerous deaths of inmates.

14      63.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

15   DEPARTMENT, SCOTT JONES, and DOE 11 to 20 routinely failed to hold subordinates accountable

16   for violations of law or policies and/or acquiesced in the violations, creating an environment where

17   personnel believe they can "get away with anything."

18      64.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

19   DEPARTMENT, SCOTT JONES, and DOE 11 to 20 are and were aware of the multiple settlements,

20   prior incidents, and prior complaints, including those scribed above, yet continuously fail to take

21   appropriate corrective action.

22      65.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

23   DEPARTMENT, SCOTT JONES, and DOE 11 to 20 perpetuate the systematic issues present at

24   Sacramento County Jail facilities, including those described above, by knowingly turning a blind eye to

25   abuses and ignoring or refusing to investigate complaints of misconduct by personnel, acquiescing to and

26   implicitly condoning the misconduct through a culture of impunity. For example:

27         a.      Sacramento Bee, *Sheriff Jones Must Come Clean on Abuse in County Jails* (Dec.

28   27, 2019), available at: <https://www.sacbee.com/opinion/article238722483.html> ("Memo to Sheriff

16

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Cravotta v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

Jones: Abusive deputies should be fired and charged, not protected").)

         b.     <u>Sacramento Bee</u>, *Judge Finds Sacramento Sheriff Still Fails to Comply with Law on Disclosing Deputy Files* (Feb. 21, 2020), available at: <https://www.sacbee.com/news/local/crime/article240513976.html>.

         c.     <u>The Daily Beast</u>, *The 'Mini-Trump' and Accused Sexual Harasser Behind Netflix's New Reality Series 'Jailbirds'* (May 26, 2019), available at: <https://www.thedailybeast.com/scott-jones-mini-trump-sheriff-and-accused-sexual-harasser-behind-netflix-series-jailbirds> (describing Defendant SCOTT JONES's "connection to sexual-harassment accusations, ties to a[] Southern Poverty Law Center-monitored 'hate group,' and several lawsuits by human rights groups.").

66.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20 were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of the deficient policies or customs because the inadequacies were so obvious and likely to result in the violation of rights of inmates housed at Sacramento County Jail facilities under their command. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20 have made no changes or implemented any additional policies or procedures resulting from an in-custody death during the past five years, despite the numerous incidents described above.

67.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20 policies or customs described above proximately caused the violation of Plaintiff ANTHONY CRAVOTTA II's civil and constitutional rights.

## FIRST CLAIM

### Deliberate Indifference

### U.S. Const., Amend. XIV; 42 U.S.C. § 1983

68.     Plaintiff ANTHONY CRAVOTTA II asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20.

69.     The allegations of the preceding paragraphs 1 to 67 are realleged and incorporated to the extent relevant, as if fully set forth in this Claim.

70. Defendants DOE 1 to 10 refused to provide Plaintiff ANTHONY CRAVOTTA II with necessary medical care and/or insufficiently classified and housed Plaintiff ANTHONY CRAVOTTA II, putting him at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, in violation of Plaintiff ANTHONY CRAVOTTA II's rights protected by the Fourteenth Amendment to the U.S. Constitution.

71. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20, acting as policymaking authorities, maintained policies or customs of action and inaction resulting in harm, in violation of Plaintiff ANTHONY CRAVOTTA II's rights protected by the Fourteenth Amendment to the U.S. Constitution.

72. Defendants SCOTT JONES and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

73. Plaintiff ANTHONY CRAVOTTA II was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20; and punitive damages against Defendants SCOTT JONES and DOE 1 to 20.

WHEREFORE, Plaintiff ANTHONY CRAVOTTA II prays for relief as hereunder appears.

## SECOND CLAIM

### Rehabilitation Act

### 29 U.S.C. § 701, *et seq*.

74. Plaintiff ANTHONY CRAVOTTA II asserts this Claim against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

75. The allegations of the preceding paragraphs 1 to 67 are realleged and incorporated to the extent relevant, as if fully set forth in this Claim.

76. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

18

DEPARTMENT are "public entities" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. On information and belief: Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT receive federal financial assistance. Plaintiff ANTHONY CRAVOTTA II, at all times material herein, had a mental impairment that substantially limited one or more major life activities and a record of such an impairment.

77.     Defendants DOE 1 to 10 failed reasonably to accommodate Plaintiff ANTHONY CRAVOTTA II's disabilities with deliberate indifference or reckless disregard, including by: (1) failing to provide Plaintiff ANTHONY CRAVOTTA II with necessary care or treatment; (2) failing to transfer Plaintiff ANTHONY CRAVOTTA II to a mental health facility that could provide necessary care or treatment; (3) failing appropriately to classify Plaintiff ANTHONY CRAVOTTA II based on his disability; and (4) failing appropriately to house Plaintiff ANTHONY CRAVOTTA II based on his disability, including in a specialized unit, single-cell unit, or non-dangerous unit, in violation of Plaintiff ANTHONY CRAVOTTA II's rights protected by the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*

78.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20, acting as policymaking authorities, maintained policies or customs of action and inaction resulting in harm, in violation of Plaintiff ANTHONY CRAVOTTA II's rights protected by the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*

79.     Plaintiff ANTHONY CRAVOTTA II was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20's actions and inactions, entitling him to receive nominal, compensatory, and punitive damages against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

WHEREFORE, Plaintiff ANTHONY CRAVOTTA II prays for relief as hereunder appears.

## THIRD CLAIM

### Americans with Disabilities Act

### 42 U.S.C. § 12101, *et seq.*

80.     Plaintiff ANTHONY CRAVOTTA II asserts this Claim against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

19

81.     The allegations of the preceding paragraphs 1 to 67 are realleged and incorporated to the extent relevant, as if fully set forth in this Claim.

82.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are "public entities" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Plaintiff ANTHONY CRAVOTTA II, at all times material herein, had a mental impairment that substantially limited one or more major life activities and a record of such an impairment.

83.     Defendants DOE 1 to 10 failed reasonably to accommodate Plaintiff ANTHONY CRAVOTTA II's disabilities with deliberate indifference or reckless disregard, including by: (1) failing to provide Plaintiff ANTHONY CRAVOTTA II with necessary care or treatment; (2) failing to transfer Plaintiff ANTHONY CRAVOTTA II to a mental health facility that could provide necessary care or treatment; (3) failing appropriately to classify Plaintiff ANTHONY CRAVOTTA II based on his disability; and (4) failing appropriately to house Plaintiff ANTHONY CRAVOTTA II based on his disability, including in a specialized unit, single-cell unit, or non-dangerous unit, in violation of Plaintiff ANTHONY CRAVOTTA II's rights protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

84.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20, acting as policymaking authorities, maintained policies or customs of action and inaction resulting in harm, in violation of Plaintiff ANTHONY CRAVOTTA II's rights protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

85.     Plaintiff ANTHONY CRAVOTTA II was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20's actions and inactions, entitling him to receive nominal, compensatory, and punitive damages against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

WHEREFORE, Plaintiff ANTHONY CRAVOTTA II prays for relief as hereunder appears.

\ \ \

\ \ \

\ \ \

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Cravotta v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

**FOURTH CLAIM**

**Deliberate Indifference**

**Cal. Const., Art. I, § 7(a)**

86.     Plaintiff ANTHONY CRAVOTTA II asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20.

87.     The allegations of the preceding paragraphs 1 to 67 are realleged and incorporated to the extent relevant, as if fully set forth in this Claim.

88.     Defendants DOE 1 to 10 refused to provide Plaintiff ANTHONY CRAVOTTA II with necessary medical care and/or insufficiently classified and housed Plaintiff ANTHONY CRAVOTTA II, putting him at substantial risk of suffering serious harm, without taking reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, in violation of Plaintiff ANTHONY CRAVOTTA II's rights protected by Article I, Section 7(a) of the California Constitution.

89.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20, acting as policymaking authorities, maintained policies or customs of action and inaction resulting in harm, in violation of Plaintiff ANTHONY CRAVOTTA II's rights protected by Article I, Section 7(a) of the California Constitution.

90.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), and 845.6, for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants SCOTT JONES and DOE 1 to 20.

91.     Defendants SCOTT JONES and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff ANTHONY CRAVOTTA II.

92.     Plaintiff ANTHONY CRAVOTTA II was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20's actions and inactions, entitling him to receive compensatory

21

1  damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

2  DEPARTMENT, SCOTT JONES, and DOE 1 to 20; and punitive damages against Defendants SCOTT

3  JONES and DOE 1 to 20.

4        WHEREFORE, Plaintiff ANTHONY CRAVOTTA II prays for relief as hereunder appears.

5  **<u>FIFTH CLAIM</u>**

6  **Right to Medical Care / Treatment**

7  **Cal. Gov. Code § 845.6**

8        93.    Plaintiff ANTHONY CRAVOTTA II asserts this Claim against Defendants COUNTY OF

9  SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE

10  1 to 20.

11        94.    The allegations of the preceding paragraphs 1 to 67 are realleged and incorporated to the

12  extent relevant, as if fully set forth in this Claim.

13        95.    Defendants DOE 1 to 10 knew or had reason to know that Plaintiff ANTHONY

14  CRAVOTTA II was in need of immediate medical care and failed to take reasonable action to summon

15  such medical care, in violation of Plaintiff ANTHONY CRAVOTTA II's rights protected by Cal. Gov.

16  Code § 845.6.

17        96.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

18  DEPARTMENT, SCOTT JONES, and DOE 11 to 20, acting as policymaking authorities, maintained

19  policies or customs of action and inaction resulting in harm, in violation of Plaintiff ANTHONY

20  CRAVOTTA II's rights protected by Cal. Gov. Code § 845.6.

21        97.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

22  DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to

23  Cal. Gov. Code §§ 815.2(a), 820(a), and 845.6, for injuries proximately caused by the acts and omissions

24  of their employees acting within the scope of their employment, including Defendants SCOTT JONES

25  and DOE 1 to 20.

26        98.    Defendants SCOTT JONES and DOE 1 to 20's actions and inactions constituted

27  oppression, fraud, and/or malice resulting in great harm to Plaintiff ANTHONY CRAVOTTA II.

28        99.    Plaintiff ANTHONY CRAVOTTA II was injured as a direct and proximate result of

22

1  Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,

2  SCOTT JONES, and DOE 1 to 20's actions and inactions, entitling him to receive compensatory

3  damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

4  DEPARTMENT, SCOTT JONES, and DOE 1 to 20; and punitive damages against Defendants SCOTT

5  JONES and DOE 1 to 20.

6       WHEREFORE, Plaintiff ANTHONY CRAVOTTA II prays for relief as hereunder appears.

7                                   **SIXTH CLAIM**

8                            **Tom Bane Civil Rights Act**

9                            **Cal. Civ. Code § 52.1**

10      100.    Plaintiff ANTHONY CRAVOTTA II asserts this Claim against Defendants COUNTY OF

11  SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE

12  1 to 20.

13      101.    The allegations of the preceding paragraphs 1 to 67 are realleged and incorporated to the

14  extent relevant, as if fully set forth in this Claim.

15                                Deliberate Indifference

16      102.    Defendants DOE 1 to 10 refused to provide Plaintiff ANTHONY CRAVOTTA II with

17  necessary medical care and/or insufficiently classified and housed Plaintiff ANTHONY CRAVOTTA II,

18  putting him at substantial risk of suffering serious harm, without taking reasonable available measures to

19  abate that risk, where a reasonable official in the circumstances would have appreciated the high degree

20  of risk involved, with deliberate indifference or reckless disregard of Plaintiff ANTHONY CRAVOTTA

21  II's rights protected by the Fourteenth Amendment to the U.S. Constitution and Article I, Section 7(a) of

22  the California Constitution.

23      103.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

24  DEPARTMENT, SCOTT JONES, and DOE 11 to 20, acting as policymaking authorities, maintained

25  policies or customs of action and inaction resulting in harm, with deliberate indifference or reckless

26  disregard of Plaintiff ANTHONY CRAVOTTA II's rights protected by the Fourteenth Amendment to

27  the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

28  \ \ \

Rehabilitation Act & Americans with Disabilities Act

104.     Defendants DOE 1 to 10 failed reasonably to accommodate Plaintiff ANTHONY CRAVOTTA II's disabilities with deliberate indifference or reckless disregard, including by: (1) failing to provide Plaintiff ANTHONY CRAVOTTA II with necessary care or treatment; (2) failing to transfer Plaintiff ANTHONY CRAVOTTA II to a mental health facility that could provide necessary care or treatment; (3) failing appropriately to classify Plaintiff ANTHONY CRAVOTTA II based on his disability; and (4) failing appropriately to house Plaintiff ANTHONY CRAVOTTA II based on his disability, including in a specialized unit, single-cell unit, or non-dangerous unit, with deliberate indifference or reckless disregard of Plaintiff ANTHONY CRAVOTTA II's rights protected by the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

105.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20, acting as policymaking authorities, maintained policies or customs of action and inaction resulting in harm, with deliberate indifference or reckless disregard of Plaintiff ANTHONY CRAVOTTA II's rights protected by the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

Right to Medical Care / Treatment

106.     Defendants DOE 1 to 10 knew or had reason to know that Plaintiff ANTHONY CRAVOTTA II was in need of immediate medical care and failed to take reasonable action to summon such medical care, with deliberate indifference or reckless disregard of Plaintiff ANTHONY CRAVOTTA II's rights protected by Cal. Gov. Code § 845.6.

107.     Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 11 to 20, acting as policymaking authorities, maintained policies or customs of action and inaction resulting in harm, with deliberate indifference or reckless disregard of Plaintiff ANTHONY CRAVOTTA II's rights protected by Cal. Gov. Code § 845.6.

Common Allegations

108.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to

24

Cal. Gov. Code §§ 815.2(a), 820(a), and 845.6, for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants SCOTT JONES and DOE 1 to 20.

109.    Defendants SCOTT JONES and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff ANTHONY CRAVOTTA II.

110.    Plaintiff ANTHONY CRAVOTTA II was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20's actions and inactions, entitling him to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20; and punitive damages against Defendants SCOTT JONES and DOE 1 to 20.

WHEREFORE, Plaintiff ANTHONY CRAVOTTA II prays for relief as hereunder appears.

### SEVENTH CLAIM

#### Negligence

111.    Plaintiff ANTHONY CRAVOTTA II asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20.

112.    The allegations of the preceding paragraphs 1 to 67 are realleged and incorporated to the extent relevant, as if fully set forth in this Claim.

113.    Defendants DOE 1 to 10 had a duty of care and breached that duty, including when they: (1) refused to provide Plaintiff ANTHONY CRAVOTTA II with necessary medical care; (2) insufficiently classified and housed Plaintiff ANTHONY CRAVOTTA II; (3) failed reasonably to accommodate Plaintiff ANTHONY CRAVOTTA II's disabilities; and/or (4) failed to take reasonable action to summon necessary medical care.

114.    Defendant SCOTT JONES had a duty of care, a special relationship with Plaintiff ANTHONY CRAVOTTA II and Defendants DOE 1 to 10, and breached that duty, including by maintaining policies or customs of action and inaction resulting in harm.

115.    Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

25

DEPARTMENT, SCOTT JONES, and DOE 11 to 20, acting as policymaking authorities, maintained policies or customs of action and inaction resulting in harm, in violation of Plaintiff ANTHONY CRAVOTTA II's rights protected by Cal. Gov. Code § 845.6.

116.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a), 820(a), and 845.6, for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants SCOTT JONES and DOE 1 to 20.

117.    Defendants SCOTT JONES and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff ANTHONY CRAVOTTA II.

118.    Plaintiff ANTHONY CRAVOTTA II was injured as a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20's actions and inactions, entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20; and punitive damages against Defendants SCOTT JONES and DOE 1 to 20.

WHEREFORE, Plaintiff ANTHONY CRAVOTTA II prays for relief as hereunder appears.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff ANTHONY CRAVOTTA II seeks Judgment as follows:

1.    For an award of compensatory, general, special, and nominal damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20, according to proof at trial;

2.    For an award of exemplary/punitive damages against Defendants SCOTT JONES and DOE 1 to 20, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.    For an award of actual damages, treble damages, punitive damages, civil penalties, and

any other available relief against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, pursuant to Cal. Civ. Code § 818);

   4.   For interest;

   5.   For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

   6.   For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: January 26, 2022                    Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

    Attorneys for Plaintiff
    ANTHONY CRAVOTTA II

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff ANTHONY CRAVOTTA II.

Dated: January 26, 2022

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiff
ANTHONY CRAVOTTA II