Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:       mark@markmerin.com
                   paul@markmerin.com

Attorneys for Plaintiff
ANTHONY CRAVOTTA II

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| ANTHONY CRAVOTTA II, | Case No. |
|---|---|
| Plaintiff, | **PLAINTIFF'S *EX PARTE* MOTION FOR APPOINTMENT OF GUARDIAN *AD LITEM*** |
| vs. | |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Anthony Cravotta II, an incapacitated person, requests the appointment of Anthony Cravotta, his father, as his guardian *ad litem* for purposes of prosecuting this action.

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff Anthony Cravotta II ("Plaintiff") is the Plaintiff in the above-captioned action. (*See* ECF No. 1 ¶ 5.) Plaintiff is an incapacitated person, based on catastrophic injuries he sustained on or about September 26, 2021. (Declaration of Anthony Cravotta ("Cravotta Decl.") ¶ 2.) Specifically, Plaintiff sustained severe brain injuries and is currently hospitalized on life-support, where he will remain for the foreseeable future. (*Id*.)

Anthony Cravotta is Plaintiff's biological father. (*Id*. ¶ 1.) Anthony Cravotta has been responsible for handling Plaintiff's affairs since Plaintiff sustained his injuries. (*Id*. ¶ 3.) Anthony Cravotta is currently unaware of any conflicts of interest that would prevent his ability to act as Plaintiff's guardian

1

**PLAINTIFF'S *EX PARTE* MOTION FOR APPOINTMENT OF GUARDIAN *AD LITEM***
*Cravotta v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

*ad litem* for purposes of prosecuting this action. (*Id*. ¶ 4.) If permitted by the Court, Anthony Cravotta would consent to appointment as the guardian *ad litem* for Plaintiff. (*Id*. ¶ 5.)

### III. MOTION FOR APPOINTMENT OF GUARDIAN *AD LITEM*

"[A]n incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a[n] … incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2); *see also* E.D. Cal. L.R. 202(a)(2) ("Upon commencement of an action … by or on behalf of a[n] … incompetent person, the attorney representing the … incompetent person shall present … a motion for the appointment of a guardian ad litem by the Court[.]"). "Fed. R. Civ. P. 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).

An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b)(1). "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Brock v. County of Fresno*, 2019 U.S. Dist. LEXIS 202540, at *1 (E.D. Cal. Nov. 19, 2019) (citation omitted). "Evidence of incompetence can be drawn from various sources," including, for example, "the sworn declaration of the person or those who know him." *Id*., at *1-2 (citation omitted).

In this case, Plaintiff's proposed guardian *ad litem* is his biological father, Anthony Cravotta, who has provided sworn testimony that "Plaintiff sustained severe brain injuries and is currently hospitalized on life-support, where he will remain for the foreseeable future." (*See* Cravotta Decl. ¶ 2.) This is sufficient information and evidence to demonstrate that the appointment of a guardian *ad litem* is appropriate in this case. *See*, *e.g.*, *Brock*, 2019 U.S. Dist. LEXIS 202540, at *2-3 (appointing the plaintiff's grandmother as guardian *ad litem*, where the grandmother's declaration identified the plaintiff as incapacitated due to "a traumatic brain injury he suffered while in prison and which [wa]s the subject of th[e] action").

### IV. CONCLUSION

For the reasons stated, Plaintiff Anthony Cravotta II respectfully requests the Court to appoint Anthony Cravotta as his guardian *ad litem* for purposes of prosecuting this action.

2

**PLAINTIFF'S *EX PARTE* MOTION FOR APPOINTMENT OF GUARDIAN *AD LITEM***
*Cravotta v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

Dated: January 26, 2022                    Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

       Attorneys for Plaintiff
       ANTHONY CRAVOTTA II

3

**PLAINTIFF'S *EX PARTE* MOTION FOR APPOINTMENT OF GUARDIAN *AD LITEM***
*Cravotta v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____