Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:      mark@markmerin.com
             paul@markmerin.com

  Attorneys for Plaintiff
  ANTHONY CRAVOTTA II

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
Tel: 916-922-1200 Fax: 916-922-1303
Jonathan B. Paul, SBN 215884
jpaul@rhplawyers.com
Jill B. Nathan, SBN 186136
jnathan@rhplawyers.com

  Attorneys for Defendants
  COUNTY OF SACRAMENTO, SACRAMENTO
  COUNTY SHERIFF'S DEPARTMENT,
  and SCOTT JONES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ANTHONY CRAVOTTA II,<br><br>            Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT JONES, and DOE 1 to 20,<br><br>            Defendants. | Case No. 2:22-cv-00167-TLN-AC<br><br>**STIPULATED PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION; [PROPOSED] ORDER** |

1

**STIPULATED PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION**
*Cravotta v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:22-cv-00167-TLN-AC

## STIPULATION

Pursuant to Fed. R. Civ. P. 26(c), E.D. Cal. L.R. 141.1, and 45 C.F.R. § 164.512(e)(1)(v), the parties stipulate to the entry of a qualified protective order as follows:

1. The parties and their attorneys are authorized to receive, subpoena, and transmit "protected health information" pertaining to Anthony Cravotta II, Lemar Burleson, and third-parties or non-parties to this action, including but not limited to that which is contained in the records of the County of Sacramento, Sacramento County Sheriff's Department, Regents of the University of California d/b/a U.C. Davis Health a/k/a Jail Psychiatric Services ("JPS"), and/or California Department of State Hospitals ("DSH"), to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information to attorneys representing Plaintiff and Defendants in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process. Nothing in this section shall be construed to prohibit counsel in this matter from sharing information as permitted by law.

5. Prior to disclosing protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving the protected health information do not use or disclose such information for any

2

**STIPULATED PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION**
*Cravotta v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:22-cv-00167-TLN-AC

1 | purpose other than this litigation.

2 |       6.      Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return the protected health information to the covered entity or destroy any and all copies of protected health information, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

      7.      This Order does not authorize either party to seal court filings or court proceedings. A party may seek permission from the Court to file protected health information under seal pursuant to E.D. Cal. L.R. 141.

IT IS SO STIPULATED.

Dated: July 29, 2022

Respectfully Submitted,
LAW OFFICE OF MARK E. MERIN

*/s/ Mark E. Merin*

By: _____
   Mark E. Merin
   Paul H. Masuhara

    Attorneys for Plaintiff
    ANTHONY CRAVOTTA II

Dated: July 29, 2022

Respectfully Submitted,
RIVERA HEWITT PAUL LLP

*/s/ Jill B. Nathan*
(as authorized on July 29, 2022)

By: _____
   Jonathan B. Paul
   Jill B. Nathan

    Attorneys for Defendants
    COUNTY OF SACRAMENTO, SACRAMENTO
    COUNTY SHERIFF'S DEPARTMENT,
    and SCOTT JONES

3

**STIPULATED PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION**
*Cravotta v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:22-cv-00167-TLN-AC

**[~~PROPOSED~~] ORDER**

The parties' stipulation is GRANTED.

IT IS SO ORDERED.

Dated: August 2, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4

**STIPULATED PROTECTIVE ORDER RE: PROTECTED HEALTH INFORMATION**
*Cravotta v. County of Sacramento*, United States District Court, Eastern District of California, Case No. 2:22-cv-00167-TLN-AC