UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAVOTTA II, | No. 2:22-cv-0167 DJC AC |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff has moved to compel discovery from the County of Sacramento. ECF No. 119. This discovery motion is before the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The motion was taken under submission. ECF No. 120. The parties submitted the required joint statement. ECF No. 121. For the reasons set forth below, the motion to compel is DENIED.

**I.     Relevant Background**

Plaintiff Anthony Cravotta II, a former pretrial detainee at the County jail, alleges he was brutally assaulted by his cellmate Lemar Burleson after he had been found mentally incompetent to stand trial and was awaiting transfer to a state hospital. ECF No. 98. The County of Sacramento is one of many defendants; relevant here, the California Department of State Hospitals ("DSH") is also a defendant. Id. at 1. The Third Amended Complaint (ECF No. 98), was dismissed in part with leave to amend by District Judge Daniel J. Calabretta on February 26, 2025. A Fourth Amended Complaint has not yet been filed and is not yet due. Nonetheless, the

1

1  undersigned concludes that the subject matter of the motion to compel is not likely to be impacted
2  by the potential amendments and that a ruling at this time is appropriate and in the interest of
3  judicial economy.

## II.     Motion to Compel

Plaintiff moves the court "(1) for an order overruling the County's objections and compelling production of withheld documents, including documents withheld in response to Plaintiff's request for production ("RFP") no. 268 and 269, pursuant to Federal Rule of Civil Procedure 37(a); and (2) for an order requiring the County, as to each of Plaintiff's discovery requests: (a) to double-check for information in the County's possession, custody, or control that is responsive to the discovery requests; (b) to produce any newly-found responsive documents and information; and (c) to submit a verification that both explains the steps taken to conduct the double-check and certifies that all responsive documents and information have been provided." ECF No. 119 at 2.  The requests at issue read as follows:

> REQUEST FOR PRODUCTION NO. 268:
>
> For each inmate referred to the Sacramento County jail-based competency training (JBCT) program at Rio Cosumnes Corrections Center, from and including February 22, 2021, to September 26, 2021, produce DOCUMENTS containing the 'standardized data collection template' complying with the data deliverable requirement described on the contract between the County of Sacramento and the California Department of State Hospitals found at the document produced by the County of Sacramento Bates numbered 'COUNTY 008984.'
>
> REQUEST FOR PRODUCTION NO. 269:
>
> From and including February 22, 2021, to and including September 26, 2021, produce DOCUMENTS identifying each potential jail-based competency training (JBCT) Patient Inmate awaiting transfer to the JBCT program indicating their commitment date.

The parties each address several arguments in the joint statement, ranging from privacy concerns to relevance.  ECF No. 121 at 3-23.  Because, for the reasons explained below, the undersigned finds that the issue of relative burden, convenience, and expense is dispositive of the matter, it is the only issue addressed.

////

A. <u>Applicable Legal Standards</u>

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In response to a request for production of documents or tangible things, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). A court may limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery." Fed. R. Civ. P. 26(b)(2)(C).

B. <u>Plaintiff Must Seek Requested Documents from the State Hospital Defendant</u>

The County contends, and upon review the court agrees, that both requests at issue in the motion to compel "necessitate first acquiring a list of inmate-patients who were referred to a Jail Based Competency Treatment (JBCT) program from February 2021 through September 2021." ECF No. 121 at 3. On July 11, 2024, the County's designated person most knowledgeable about the JBCT program was deposed and testified "that while the Sheriff's Department is responsible for the safety and security of the inmates ordered to the [JBCT] program, the program and treatment within JBCT is provided by the Department of State Hospitals." <u>Id.</u> When specifically asked about a waiting list for participation in the JBCT program, the deponent testified that the list was maintained by the Department of State Hospital employees." <u>Id.</u> On January 24, 2025, a deponent from the State Department of Hospitals was deposed and testified that DSH could produce a waitlist of inmate patients for the JBCT program. ECF No. 121 at 5-6.

Counsel for the county submitted a signed declaration that she "conducted a reasonable inquiry in good faith. As provided by the County person most knowledgeable ["PMK"] in deposition in July 2024, and further affirmed in the January 2025 deposition of the State's PMK, the County is not the entity defendant which controls and maintains the list of JBCT inmate patients. Moreover, pursuant to language of the contract cited in Cravotta's Request No. 268, access to the patient names is only granted by 'written permission' of co-defendant DSH." ECF No. 121-2 at 3-4. Counsel "inquired about obtaining a list from the co-defendant entities, but was

3

unable to obtain access to non-party patient data." Id. at 4.

Plaintiff's counsel submits that the County's argument is evasive because the requests for production do not seek a "list of patients" but instead seek a "production of documents—like those which the County has produced related to Plaintiff, see id. Ex. 1 at COUNTY_003005, COUNTY_003019—"identifying each potential jail-based competency training (JBCT) Patient Inmate awaiting transfer to the JBCT program indicating their commitment date." ECF No. 121 at 12. Upon review, the court agrees with the County that in order to produce the requested documents, it would need the information held by the Department of State Hospitals. Because the Department of State Hospitals is a co-defendant in this case, it is unclear to the court why plaintiff has not opted to save time, expense, and complication by directly submitting discovery requests to defendant DSH. The County has submitted a sworn statement that it does not have control of the information plaintiff requested, but that the information is in the control of a co-defendant. Under the circumstances, the court finds that the information sought "can be obtained from some other source that is more convenient, less burdensome, [and] less expensive." Fed. R. Civ. P. 26(b)(2)(C). Plaintiff should seek the information from the entity that holds it, defendant the Department of State Hospitals.

The motion to compel is therefore DENIED.

As to the issue of attorney's fees related to this motion, if the parties are unable to reach an agreement without court intervention, defendant the County may raise the issue by separate motion so that both parties have the opportunity to fully brief the issue.

### III.  Conclusion

Plaintiff's motion to compel (ECF No. 119) is DENIED.

IT IS SO ORDERED.

DATED: March 7, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE